Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2611 | **DATE** | 6/17/2003 |
| **CASE TITLE** | Adolphus Richard Nunes vs. John Ashcroft | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion And Order. The petition for writ of habeas corpus is denied. This case is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 1 8 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 11 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/17/2003 | |
| ETV | courtroom deputy's initials | 03 JUN 17 PM 5:21 U.S. DISTRICT COURT CLERK  Date/time received in central Clerk's Office 03-0371? | date mailed notice ETV mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADOLPHUS RICHARD NUNES, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> JOHN ASHCROFT, Attorney General of ) <br> the United States, ) <br> ) <br> Respondent. ) | No. 00 C 2611 <br><br> Judge Rebecca R. Pallmeyer |

## MEMORANDUM OPINION AND ORDER

After being deported to Jamaica in 1993, Plaintiff Richard Adolphus Nunes, an alien, reentered the United States, and was convicted of illegal reentry. Nunes filed this petition for a writ of habeas corpus with the Court of Appeals for the Seventh Circuit on April 24, 2000. His petition was transferred to this court on May 2, 2000, pursuant to 28 U.S.C. § 2241(b). Nunes requests that this court overturn his original deportation order and grant him a new deportation hearing. For the reasons explained here, Nunes's petition for habeas relief is denied.

## FACTUAL BACKGROUND

Richard Adolphus Nunes is a Jamaican citizen who is currently serving a 100-month sentence in federal prison in Florida for illegal reentry into the United States. Faced with a sparse record, the court has attempted to reconstruct Nunes's legal status over the last several years.

On June 3, 1993, Nunes was ordered deported from the United States by an Immigration Judge. (Department of Justice, I.N.S. Record of Deportable/Inadmissible Alien of Dec. 20, 2000, hereinafter "Record of Deportable Alien," attached to Government's Motion to Dismiss Nunes's Habeas Petition.) The record does not indicate the precise violation for which Nunes was deported, but the court notes that Nunes had racked up several convictions in this country by 1993. Nunes was convicted on June 19, 1985 for battery; he was convicted on April 28, 1986 for violation of his parole; he was convicted on February 24, 1987 for residential burglary; on May 8, 1990 for

aggravated assault; on January 17, 1992 for delivery of a controlled substance; and on January 17, 1992 for unlawful use of a firearm by a felon (the record indicates that all of these convictions were in the Circuit Court of Cook County). (*Id.*) Thus it appears that the I.N.S. had a firm basis on which to seek Petitioner's removal from the United States.

The record does not contain more information about the proceedings in front of the Immigration Judge, nor Nunes's unsuccessful appeal to the Board of Immigration Appeals (BIA). (Record of Deportable Alien.) The record does not indicate the date of his appeal or decision by the BIA, although the appeal was apparently handled in Falls Church, Virginia (the court is unaware of Nunes's connection, if any, to the state of Virginia, or whether Nunes was being housed there).[1] (*Id.*) Neither Nunes nor the government has submitted a record of the BIA hearing or decision, and it is also unknown whether Nunes appealed the BIA's decision to the Court of Appeals.

Nunes now claims that he was denied his right to counsel during the hearing before the Immigration Judge hearing and was therefore not able to establish a well-founded fear of persecution in his native country. Nunes also claims that he was not informed in a timely manner that he had a right to appeal the order of deportation. Nunes finally contends that he was not warned or informed that, should he attempt to reenter the United States, he needed first to obtain permission from the Attorney General or risk being fined and imprisoned.

Nunes was deported to Jamaica on April 21, 1995. After he reentered the United States (the record does not indicate when or where this took place), on January 7, 1998 a reinstatement of his deportation was issued (the record does not reflect by whom). (Record of Deportable Alien.) Nunes was deported to Jamaica for a second time on April 10, 1998, after racking up yet one more conviction in the Circuit Court of Cook County on April 2, 1997 for defacing a firearm identification

---

[1] The Record of Deportable Alien notes that "the decision was upheld by the BIA in Falls Church, [Virginia]," but does not clarify whether Nunes was ever incarcerated in the state. (Record of Deportable Alien.)

2

mark. (*Id.*)

On or near June 20, 1998, Nunes entered the United States (in Miami, Florida) for the second time after his initial deportation. (*Id.*) By October 27 of the following year, Nunes had again been convicted in the Circuit Court of Cook County, this time on a charge of unlawful restraint. The Record of Deportable Alien states that he served a one year sentence for this conviction, but the court is uncertain when he served it. (*Id.*) Two days after his conviction, Nunes was apprehended by federal agents in Joliet, Illinois and on November 11, 1999, he was indicted by a federal grand jury for illegal reentry to the United States under 8 U.S.C. § 1326(a)(2). (*Id.*) Following a trial, he was sentenced to 100 months in federal prison on the charge and fined $1,500. Nunes is currently serving this sentence. His projected release date is February 25, 2007. (Government's's Motion to Dismiss Nunes's Habeas Petition at 2.) Judge Wayne Andersen's Sentencing Order remanded Nunes to the custody of the United States Marshals Service. (Sentencing Order of Nov. 21, 2000.)

In a pre-trial motion, Nunes requested that Judge Andersen grant him a new deportation hearing. Judge Andersen denied the motion in a brief order, noting that Nunes provided the court with no evidence that he was deprived of counsel at his original immigration hearing. (Order of April 18, 2000 in 99 CR 830.) Judge Andersen's order also pointed out that Nunes's extensive criminal history defeated any claim to political asylum in this country. (*Id.*, citing 8 U.S.C. §1158(d).)

Nunes appealed to the Court of Appeals for the Seventh Circuit, which affirmed his conviction in an unpublished order. *United States v. Nunes*, No. 01-1120, 2001 WL 505971 (7th Cir. May 11, 2001). The brief order issued by the Court of Appeals addressed only one issue: whether Nunes's sentence violated the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (the court held that it did not).

According to the I.N.S., Nunes is amenable to removal proceedings pursuant to the Immigration Nationality Act, 8 U.S.C. § 1101, *et. seq.* (Record of Deportable Alien.) Therefore,

3

an I.N.S. detainer was placed on Nunes on November 3, 1999. (Id.) In a sworn affidavit taken at the Illinois Department of Corrections on October 29, 1999, Nunes stated that he fears persecution in Jamaica should he be removed from the United States. (Id.)

## DISCUSSION

Nunes argues that the law requires that he be granted a new deportation hearing since he was deprived of his right to counsel during the first one. He argues that if he had the benefit of counsel at the deportation hearing, he could have established a well-founded fear of persecution should he be returned to Jamaica. The government responds that because Nunes is currently serving a sentence in federal prison based on his conviction, he is not in the custody of the Immigration Service, and therefore has not presented a basis upon which to file a petition for habeas corpus relief from the I.N.S.

Whether or not the court accepts the government's argument, Nunes's petition must be denied. Because Nunes's petition purports to attack his order of deportation, and not his criminal conviction for illegal reentry, he does not satisfy § 2241's custody requirement. 28 U.S.C. § 2241(c); *DiGrado v. Ashcroft*, 184 F.Supp.2d 227, 231 (N.D.N.Y. 2002), aff'd, No. 02-2120, 2003 WL 1913508 (2d Cir. April 17, 2003) (finding that because petitioner was in custody of the United States Marshals Service, and not being held pursuant to an I.N.S. deportation order or pending deportation proceedings, jurisdiction was lacking pursuant to § 2241 to hear petitioner's claim that he was wrongfully deported).

If the court were to ignore this impediment and permit Nunes to frame his petition as an attack on the federal criminal conviction for which he is presently serving a sentence, the court would nevertheless dismiss the petition because Nunes has procedurally defaulted the claim he now raises. As discussed previously, the order of the Court of Appeals affirming his conviction did not address the argument that Nunes was denied the right to counsel in his deportation hearing.

4

*Nunes*, 2001 WL 505971. The court assumes that had Nunes raised the issue on direct appeal, the court would have addressed it, since they addressed and rejected his *Apprendi* argument. *Id.*

Deportation hearings, while they can result in harsh consequences, are deemed civil actions. *See Ambati v. Reno*, 233 F.3d 1054, 1061 (7th Cir. 2000) (noting same and stating that the Fifth Amendment's due process clause mandates that deportation hearings be fundamentally fair.) There is no Sixth Amendment right to counsel in such proceedings, but Nunes's claim that he was not informed of his right to counsel in his deportation hearing qualifies as one under the Fifth Amendment due process clause. Nunes's due process argument therefore qualifies as a constitutional issue that was not raised on direct appeal. Accordingly, he cannot raise the issue in this habeas petition unless he demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal. *Mankarious v. United States*, 282 F.3d 940, 943 (7th Cir. 2002); *Barker v. United States*, 7 F.3d 629, 632 (7th Cir. 1993); *United States v. Hernandez*, 863 F.Supp. 691, 693-94 ("the failure to raise an issue on direct appeal bars a petitioner from raising that issue in a habeas proceeding, unless the petitioner makes a showing of good cause for and prejudice from that failure.")

Nunes has not attempted to demonstrate to this court that he had good cause for failing to raise the issue of due process at his deportation hearing when he appealed his criminal conviction. Given that he did raise the claim with the district court, it appears that Nunes lacked good cause for failing to raise it on appeal (and Nunes does not claim that he was denied the assistance of counsel during the criminal proceeding or the appeal which followed). Furthermore, Nunes's extensive criminal record indicates that even if he were able to show good cause, Nunes could not show prejudice. There can be little doubt that he would have been deported anyway.

## **CONCLUSION**

The petition for writ of habeas corpus is denied. This case is dismissed with prejudice.

ENTER:

Dated: June 17, 2003

REBECCA R. PALLMEYER
United States District Judge

6